JUDGE PAULEY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ, an individual, )
           Plaintiff, )
           v. )
RUE21, INC., )
           Defendant. )

17 CV 5828
Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendant, Rue21, Inc., as follows:

### NATURE OF THE ACTION

1. This action arises from Defendant's infringement of Plaintiff's "ownership" and exclusive "use" rights in his federally registered copyright design and in Plaintiff's *hustle.* trademark used in conjunction with clothing, namely caps, t-shirts and/or other clothing items.

2. Despite Plaintiff being the registered copyright owner of the "Hustle Snapback Design" and stylized HUSTLE™ trademark, and offering various clothing items under such design and brand name, the Defendant has infringed Plaintiff's rights in the aforementioned intellectual property by copying, publishing, exploiting, marketing, promoting, selling, and

offering for sale, at its retail clothing locations caps and/or other clothing items under Plaintiff's copyrighted *hustle.* design and trademark.

3. The Defendant's publishing, copying of constituent elements of Plaintiff's copyright and the exploitation for commercial purposes, caps and other clothing items with Plaintiff's copyrighted ("Hustle Snapback Design") and Plaintiff's stylized HUSTLE™ trademark used in connection with his clothing business where done willfully and intentionally.

4. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendants and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's registered trademark and copyright in connection with clothing.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 17 U.S.C. §101, et. seq., 17 U.S.C. §501-509 and 28 U.S.C. §1367, 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

6. This Court has personal jurisdiction over the Defendant because Defendant engage in continuous business activities in, and directed to the State of New York within this judicial district, because Defendant is registered with the NYS Division of Corporations and because Defendant has committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendant transacts business in this district, and

2

because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

8. Plaintiff, Robert G. Lopez is an individual with an address at 230 Clinton Street, Apt. #11C, New York, NY 10002.

9. Upon information and belief, Defendant, Rue21, Inc. is a Delaware corporation with a principal place of business at 800 Commonwealth Drive, Warrendale, PA 15086.

## FACTS

10. Plaintiff Robert G. Lopez has been marketing, promoting and exploiting photographs and other promotional materials in connection with producing and selling caps and t-shirts and other related clothing items under the stylized *hustle.* design and brand name since at least 2014.

11. Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items in interstate commerce since 1999.

12. Since at least as early as 2014, Plaintiff began using the mark and stylized HUSTLE™ design and incorporated the aforementioned mark and design into his collection of brands and designs offered under his company L.E.S. Clothing Co.™.

3

13. Plaintiff began using his stylized "HUSTLE Design" depicted below on clothing and apparel marketing materials since 2014.



14. Plaintiff uses the HUSTLE™ logo design on caps, t-shirts, sweaters, stickers, private labels, viral flyers and photographs depicting caps and other clothing items bearing the brand and design and photographs depicting caps and other clothing items bearing the stylized HUSTLE design are used for social media promotions on platforms such as Instagram®, Facebook®, Twitter and on Plaintiff's website homepage www.lesclothing.com.

15. Plaintiff has had his caps and other clothing items bearing his stylized HUSTLE design in various clothing retail stores in New York City, New Jersey, Connecticut and in various other States as shown below:




4





♥ 66 likes

lesclothingco #LES™GO #LESClothingCo #HeadWear #exclusives on deck @colfaxandbale #WeWorking #Spring #Summer fresh - - snatch yours asap #LoyaltyEqualsStrength is the #Brand and the #Movement #NewYorkCity #Urban #StreetWear #Enterprise straight out the #LowerEastSide #LeSNyC #LES Get It - - daily #Grind and #HUSTLE status

tarzanmountainandsandman

sir_global Super!

APRIL 20, 2016



Liked by cabofashionandfootwear and 26 others

mr.never2muchkicks2345tm @lesclothingco @officialnever2muchkicks2345tm 529 Burnside Ave EastHartford 06108...#loyaltyequalstrength #hustle #never2muchkicks2345tm #officialnever2muchkicks2345tm ...



28 likes

mr.never2muchkicks2345tm 529 Burnside Ave EastHartford come down and check us out today 12-6...#summer #officialnever2muchkicks2345tm #never2muchkicks2345tm #sneakerlife #sneakernews#sneakermags ..

16. Plaintiff's caps and other clothing items bearing his "Hustle Snapback Design" logo have been worn by "superstar" musical recording artists and actors including but not limited to rapper Prodigy of MOBB DEEP®, rapper Lil Cease of Christopher "NOTORIOUS BIGGIE SMALLS" Wallace rap group Junior Mafia actor MTV and BET journalist Shaheem Reid.





6

17. In March of 2015, Plaintiff began promoting the above design on caps and began exploiting and publishing photographs with the stylized HUSTLE™© design on caps and other clothing items on his "LES TEEZ" Facebook® page and Instagram page @lesclothingco, which both social media accounts have thousands of followers and began selling and offering for sale clothing items bearing the design via Plaintiff's website www.lesclothing.com and in other ways customary in the clothing business of selling and publishing photographs to showcase your products and clothing designs.

18. Plaintiff is the registered owner of United States Copyright Registration No. VA 1-953-886 for the Hustle Snapback Design. **(See Exhibit A)**.

19. Plaintiff is the owner of New York State Trademark Registration No. R32911 for the stylized HUSTLE™ mark. **(See Exhibit B)**.

20. Defendant Rue21, Inc. is a major retail clothing store with stores in various States including but not limited to New York, Connecticut, Vermont, etc.

21. Plaintiff is informed and believes and thereon alleges that Defendant is exploiting, marketing, publishing images and designs in connection with the offering and sale of clothing under Plaintiff's copyrighted Hustle Snapback Design and trademark in violation of Plaintiff's trademark rights and copyright in his stylized HUSTLE design.

**Defendants Use of Plaintiff's copyright and trademarked design on clothing at its stores**

 

22.    Plaintiff is informed and believes and thereon alleges that Defendants began offering for sale, publishing and exploiting copies of Plaintiff's copyrighted design on or about April of 2017, which is after March 18, 2015 the effective date of Plaintiff's copyright registration and well after Plaintiff first used the mark as a brand in connection with clothing which began in December of 2014.

23.    The Defendant's use of Plaintiff's copyright and trademarked design was done without Plaintiff's authorization or consent.

24.    Defendants use of Plaintiff's intellectual property and copyrighted design was for commercial gain and profit and is not covered under the fair use doctrine.

25.    The cap design images and photographs copied, published and exploited by Defendant in the offering for sale of clothing by Defendant is a substantial and identical

replication and copy of Plaintiff's Hustle Snapback Design that is also used by Plaintiff on clothing.

26. Defendants' use of Plaintiff's trademarks and/or copyrights has already caused instances of actual confusion in the marketplace and Defendants use of said Hustle Snapback Design was done without consent or permission by Plaintiff.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

27. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 26 of this Complaint.

28. The use in commerce by Defendants of an identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademarks, and has resulted in injury and damage to Plaintiff that will continue if defendants are not ordered to cease all use of the stylized HUSTLE™© mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

29. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30. Plaintiff has the exclusive right to market, brand and provide clothing related goods using the HUSTLE™© mark.

31. Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already

9

have confused the public into believing that defendants' and Plaintiff's clothing goods come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods.

32. Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

33. By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint.

35. Defendants conduct constitutes deception by which Defendant's goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

36. Defendant's unauthorized use of Plaintiff's HUSTLE™© mark is likely to continue to cause further confusion to the public as to the clothing goods of the respective parties.

37. By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the HUSTLE™© mark and Defendants have become unjustly enriched by such acts of infringement.

38. Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendants has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

39. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 38 of this Complaint.

40. Plaintiff is the creator, author, and owner by assignment of all rights of copyright in and to the HUSTLE Snapback Design shown above.

41. Plaintiff acquired his rights to the Hustle Snapback Design image in March of 2015 and Plaintiff has offered for sale and sold clothing items bearing the HUSTLE Snapback Design since 2014.

42. Defendant's, without authorization of Plaintiff as the owner of all rights of copyright in the "Hustle Snapback Design", and in violation of 17 U.S.C. §§101 et seq., has intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for sale, a cap design that is identical or in the least, substantially similar to the Plaintiff's copyrighted Hustle Snapback Design that is used on his clothing items.

43. Defendant's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

44. By reason of Defendants infringement of Plaintiff's copyright in his Hustle Snapback Design in connection with clothing, Defendant has derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained.

45. Defendant's infringement of Plaintiff's copyright in the Hustle Snapback Design for clothing was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2). At all times mentioned herein, and upon information and belief, Defendants were aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyright.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

46. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 45 of this Complaint.

47. Defendant has unjustly retained profits from the sale, order processing and advertising of clothing goods and accessories bearing Plaintiff's HUSTLE™ mark as well as Plaintiff's copyrighted Hustle Snapback Design.

48. Defendant's actions constitute unjust enrichment.

## SIXTH CAUSE OF ACTION
## CONVERSION

49. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 48 of this Complaint.

50. Defendant has continued and are presently using Plaintiff's HUSTLE™ copyright and trademark.

51. Defendant has continuously introduced, sold and/or offered for sale products bearing Plaintiff's trademarks and copyright and are continuing to profit off of Plaintiffs' intellectual property.

52. Defendant is therefore liable for conversion and liable for punitive damages for converting Plaintiff's trademark and copyright design.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that Defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term HUSTLE™, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the HUSTLE™ design, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and copyright infringement which tend to injure Plaintiff's rights in the HUSTLE™ mark or Hustle Snapback Design.

2. That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark and Copyright Acts.

3. That Defendant be ordered to discontinue hosting any website or publishing any images that violate Plaintiff's trademark and/or copyright.

4. That Plaintiff be awarded punitive damages and statutory damages in the amount of 1,000,000.00.

5. That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the HUSTLE™ mark and publishing an image of a cap that violates Plaintiff's copyright.

6. That Plaintiff be awarded the cost and disbursements of this action.

7. That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: August 1, 2017
New York, NY

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

**EXHIBIT A**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-953-886**

**Effective Date of Registration:**
March 18, 2015

## Title
   Title of Work:   Hustle Snapback Design

## Completion/Publication
   Year of Completion:   2015
   Date of 1st Publication:   March 17, 2015
   Nation of 1st Publication:   United States

## Author
   Author:   Robert G Lopez
   Author Created:   photograph
   Work made for hire:   No
   Citizen of:   United States
   Year Born:   1976

## Copyright Claimant
   Copyright Claimant:   Robert G. Lopez
     230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification
   Name:   Robert G Lopez
   Date:   March 18, 2015

**EXHIBIT B**

# New York State Department of State
# Certificate of Trademark Registration

I, Brendan Fitzgerald, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.

**Registration Number:** R32911  **Registration Date:** 11/4/2016

**Applicant:** ROBERT G. LOPEZ
230 CLINTON STREET, APT. 11C
NEW YORK    NY    10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:** 25

**Date First Used in NYS:** 12/10/2014   **Date First Used Anywhere:** 12/10/2014

**Trademark Description:**

The mark is comprised of the word HUSTLE in a stylized font followed by a period

**Description of Goods:**    Caps and t-shirts

**WITNESS** my hand and the seal of the State of New York In the City of Albany on this:

Thursday, November 10, 2016

by:

*Executive Deputy Secretary of State*

DOS-690 (Rev. 8/13)

